IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FERRELL BENJAMIN GIBBS,

    Petitioner,

v.

    CIVIL ACTION NO.: CV208-108

DEBORAH HICKEY, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Ferrel Gibbs ("Gibbs"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Gibbs has responded. The Government filed a Reply, to which Gibbs responded. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Gibbs was convicted after a jury trial in the District Court for the District of South Carolina of "knowingly and fraudulently endeavoring to obtain a sum in excess of $1,000 in the public stocks of the United States and to have a part thereof transferred, assigned, and conveyed by virtue of false, forged, and counterfeited instruments", in violation of 18 U.S.C. § 1003, and mail fraud, in violation of 18 U.S.C. § 1341. (Doc. No. 13, p. 1). Gibbs was sentenced to 60 months' imprisonment on the first count, and a concurrent 78 month sentence on the second count. Gibbs filed an appeal. The Fourth Circuit Court of Appeals affirmed his convictions but vacated his sentences and

remanded the case to the District of South Carolina for further proceedings. The trial court then imposed sentences identical to those originally imposed, and the Fourth Circuit affirmed.

Gibbs filed several post-sentencing motions with the trial court, which the trial court denied. (See Gov't's Ex. A). Gibbs did not file a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

In the instant petition, Gibbs asserts the Bureau of Prisons ("BOP") and the Department of Justice ("DOJ") do not have the "authority to impose a penalty for a purported violation of either Title 18 § 1003 or § 1341 without a published implementing regulation to correspond with the Statute (sic)[.]" (Doc. No. 1, p. 3). Gibbs also asserts that the BOP and DOJ are "required to maintain accurate records and must correct the records to reflect a proper sentencing calculation[.]" (Id.)

Respondent avers that Gibbs' petition should be dismissed. Respondent contends that Gibbs has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241. In the alternative, Respondent asserts Gibbs has not exhausted his administrative remedies.

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate

or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 Fed. Appx. 901, 904 (11th Cir. 2006).

Gibbs has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. He asserts that he did not file a motion pursuant to section 2255 because the remedy afforded under that section would have been inadequate or ineffective to challenge the legality of his conviction and sentence because the motion would have been decided by the district judge "who had already shown prejudice and bias and failed, with all appropriate evidence, to recuse himself[.]" (Doc. No. 1, p. 4).

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where

sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Gibbs fails to present evidence that his claims are based on a retroactively applicable Supreme Court decision, that he was convicted of a non-existent offense, or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. In fact, Gibbs made the same arguments with the trial court in his previously-filed post-sentencing motions as he does in this petition. (Doc. No. 14-2, p. 5; Doc. No. 14-3, p. 10). Simply because that court denied Gibbs' claims does not mean that section 2255's remedy would be inadequate or ineffective. Gibbs has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied).

Gibbs cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Gibbs is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

To the extent Gibbs wishes this Court to regard his assertions as an attack on the execution of his sentence rather than an attack on his conviction or sentence, Gibbs' petition would still be subject to dismissal. "[P]risoners seeking habeas relief, including relief pursuant to [28 U.S.C.] § 2241," must exhaust all available administrative remedies. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004). If a petitioner fails to exhaust his administrative remedies before seeking redress in the federal courts, the court should dismiss the case for want of jurisdiction. Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)). "Also jurisdictional is '[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.'" Id. (quoting Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001)). The responsibility for computing a sentence lies with the BOP. Gonzalez, 959 F.3d at 212.

"The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court." Id. According to these regulations, an inmate shall attempt to resolve any issue he may have informally. 28 C.F.R. § 542.13(a). An inmate dissatisfied with the informal request resolution can file a grievance with the Warden, and the Warden has 20 days to respond. 28 C.F.R. §§

542.14(a) and 542.15(a). If the inmate is not satisfied with the Warden's response, he may file an appeal with the Regional Director. 28 C.F.R. § 542.15(a). Finally, if the inmate is not satisfied with the Regional Director's response, he can file an appeal with the General Counsel for the Federal Bureau of Prisons. Id.

The evidence before the Court indicates that Gibbs filed an Administrative Remedy request with staff at FCI Jesup on July 28, 2008, and the response is dated August 27, 2008. (Doc. No. 6, pp. 3, 7). Plaintiff's appeal of the denial of his request is dated September 3, 2008. (Id. at 2). Plaintiff filed his petition in this Court on August 22, 2008. Although Gibbs did not receive a response to his Administrative Remedy request until after the allotted 20 days had passed, he recognized the need to file an appeal at the Regional level, which was after he filed his petition with this Court. Gibbs did not exhaust his available administrative remedies prior to filing this habeas petition. See 28 C.F.R. § 542.19 (stating that "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.").

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. Gibbs' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, should be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 4th day of March, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE